UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VERNE ELLESBURY,<br><br>Plaintiff,<br><br>v.<br><br>J. FERNANDEZ, et al.,<br><br>Defendants. | No. 2: 18-cv-2744 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel filed January 26, 2020, and February 11, 2020 (ECF Nos. 56, 59), and plaintiff's motion for an extension of time to complete discovery filed February 11, 2020 (ECF No. 60).[1] For the reasons stated herein, plaintiff's motions are denied.

<u>Motions to Compel</u>

Discovery closed on January 10, 2020. (ECF No. 49.) Accordingly, plaintiff's motions to compel filed January 26, 2020 and February 11, 2020 are untimely. On this ground, the motions to compel are denied.

---

[1] The filing dates are determined based on the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 770 n. 1 (9th Cir. 2010) (citation omitted) (under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively filed on the date it is signed.)

1

Motion for Extension of Time to Complete Discovery

*Legal Standard*

A motion to modify the scheduling order must demonstrate good cause. Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."). Specifically, plaintiff must identify the discovery sought, and demonstrate that he could not reasonably meet the discovery deadline despite his diligence. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)).

*Discussion*

Plaintiff seeks a forty-five to sixty days extension of time to obtain statements from non-party witnesses J. Basile, K. Lee, L. Austin and Doctor Win.

In the pending motion for extension of time, plaintiff alleges that he did not understand how to obtain discovery from witnesses J. Basile, K. Lee, L. Austin and Doctor Win. Plaintiff alleges that he served defendants with interrogatories for these non-parties on September 6, 2019. Plaintiff alleges that defendants failed to respond to these interrogatories. Plaintiff alleges that he now understands that he should have sought discovery from these non-parties by way of a request for production of documents.

The undersigned observes that plaintiff filed a motion to compel on January 20, 2020 claiming that defendants failed to respond to interrogatories addressed to J. Basile, L. Austin and K. Lee. (ECF No. 54.) On January 30, 2020, the undersigned denied this motion to compel as untimely. (ECF No. 55.)

In the motions to compel filed January 26, 2020 and February 11, 2020, plaintiff also claimed that defendants failed to respond to interrogatories addressed to J. Basile, L. Austin and K. Lee served in September 2019.

In addition, on November 8, 2019, plaintiff filed a motion requesting that the court issue subpoenas for J. Basile, K. Lee, L. Austin and Doctor Win. (ECF No. 47.) Plaintiff did not describe the purpose of the subpoenas or the information sought by the subpoenas. On November 21, 2019, the undersigned issued an order stating that it appeared that plaintiff requested that J.

Basile, K. Lee, L. Austin and Doctor Win be subpoenaed for trial. (ECF No. 50.) Because no trial was date was set, the undersigned denied plaintiff's request for subpoenas as premature. (Id.)

In the opposition to plaintiff's February 11, 2020 motion to compel, defendants argue that plaintiff's interrogatories addressed to J. Basile, K. Lee and L. Austin were not properly served on defense counsel because these non-parties are not represented by the Office of the Attorney General. (ECF No. 62 at 3.) Defendants contend that because defense counsel does not represent J. Basile, K. Lee and L. Austin, they are not obligated to respond to requests directed toward these three nonparty officers. (Id.)

Defendants are correct that they are not obligated to respond to interrogatories addressed to non-parties. See Fed. R. Civ. P. 33(a) (stating that "[a] party may serve on any other party" up to 25 interrogatories). However, the undersigned is troubled by defendants' apparent failure to notify plaintiff, a pro se litigant, that they would not respond to the discovery requests addressed to non-parties.

After considering the record, the undersigned finds that plaintiff has not shown good cause for extending the discovery deadline so that he may conduct discovery of these non-parties. Plaintiff apparently mistakenly believed (until recently) that defendants would respond to the interrogatories addressed to J. Basile, K. Lee and L. Austin served on September 9, 2019. However, plaintiff does not explain why he waited until after the discovery deadline ran to file motions to compel regarding defendants' failure to respond to these discovery requests. Plaintiff's failure to file a timely motion to compel, even if based on an improper discovery request, does not demonstrate diligence in seeking information from these non-parties.[2]

As discussed above, the undersigned apparently misunderstood the purpose of the

---

[2] In Morris v. Carrasco, 2011 WL 149376, at *1-2 (E.D. Cal. 2011), Magistrate Judge Beck found that plaintiff had not shown good cause to extend the discovery deadline, in part, because defense counsel had informed plaintiff by letter that his discovery requests addressed to non-parties were defective. In the instant case, defense counsel did not inform plaintiff that his requests addressed to defense counsel were defective. However, in this case, plaintiff had adequate time to file a timely motion to compel after defendants failed to respond to the interrogatories addressed to non-parties.

3

subpoenas sought by plaintiff in his November 8, 2019 motion for subpoenas. However, plaintiff does not address why he failed to file a properly supported motion for subpoenas in order to obtain discovery from these non-parties after the undersigned denied his November 8, 2019 motion for subpoenas.

For the reasons discussed above, plaintiff has not shown good cause for his motion to extend the discovery deadline in order to conduct discovery on non-parties.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 56, 59) are denied;
2. Plaintiff's motion to extend the discovery deadline (ECF No. 60) is denied.

Dated: March 31, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Elles2744.com