UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VERNE ELLESBURY, | No. 2: 18-cv-2744 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. FERNANDEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's June 8, 2020 motions to modify the scheduling order and for a hearing. (ECF Nos. 76, 77.) Defendants have not opposed these motions.

For the reasons stated herein, plaintiff's motion to modify the scheduling order is granted. Plaintiff's motion for a hearing is denied.

<u>Motion to Modify the Scheduling Order</u>

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> If the party was

1

1 not diligent, the inquiry should end.  Id.

2 The deadline for filing dispositive motions was June 24, 2020.  (ECF No. 75.)   In the pending motion, plaintiff seeks a sixty days extension to file a dispositive motion.  (ECF No. 76.) The grounds of this request are that he has limited law library access due to the COVID 19 crisis. Plaintiff also alleges that he has inadequate access to the jailhouse lawyer who is helping plaintiff prepare his summary judgment motion.

Good cause appearing, plaintiff's unopposed motion to modify the scheduling order is granted.  Plaintiff is granted sixty days from the date of this order to file a summary judgment motion.

Motion for Hearing

Plaintiff seeks a hearing regarding his jailhouse lawyer's alleged inability to bring plaintiff's legal materials to the exercise yard so that he and plaintiff may consult regarding plaintiff's summary judgment motion.

Plaintiff alleges that inmate Brown, his jailhouse lawyer, received a rules violation report for bringing plaintiff's legal materials to the exercise yard.  Plaintiff alleges that before COVID 19, bringing legal documents to the yard was not an issue.  Plaintiff alleges that Correctional Officer Guzman issued inmate Brown the rules violation report in an attempt to deter inmate Brown from helping plaintiff with this case.  Plaintiff alleges that Correctional Officer Guzman's order to inmate Brown to return plaintiff's legal materials to inmate Brown's cell is based on an underground regulation that is not enforceable.

Attached to plaintiff's motion is the rules violation report issued by Correctional Officer Guzman to inmate Brown.  The report states that Correctional Officer Guzman charged inmate Brown with disobeying an order.  Inmate Brown allegedly had legal work on his person when he went to his job, in violation of a memorandum stating that inmate workers are not allowed to take legal or personal property to their work areas.  Correctional Officer Guzman issued the rules violation report to inmate Brown after inmate Brown allegedly disputed Correctional Officer Guzman's order to return the paperwork to his cell.

////

      Also attached to plaintiff's motion is a memorandum dated April 26, 2019 stating that inmates attending work and school may only bring their lunch, water and school papers to work and school. The April 26, 2019 memorandum states that inmates attending work and school are not allowed to take any other state or personal property to their work or educational assignments.

      Also attached to plaintiff's motion is inmate Brown's grievance challenging the Rules Violation Report issued by Correctional Officer Guzman. In this grievance, inmate Brown requests that prison officials "demonstrate the policy that allows or enforces the requirement of not bringing legal materials to work by a yard worker. Explain to the appellant why legal materials is forbidden by appellant on his job."

      In essence, plaintiff is seeking a hearing to determine whether prison officials violated inmate Brown's rights by prohibiting him from bringing plaintiff's legal materials to his job on the yard. Pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). For this reason, plaintiff's motion for a hearing to determine whether prison officials violated inmate Brown's rights by prohibiting him from bringing plaintiff's legal materials to his job on the yard is denied.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order (ECF No. 76) is granted; plaintiff is granted sixty days from the date of this order to file a summary judgment motion;
2. Plaintiff's motion for a hearing (ECF No. 77) is denied.

Dated: July 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ell2744.mod

3