UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VERNE ELLESBURY, | No. 2:18-cv-2744 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. FERNANDEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Three motions filed by plaintiff are pending before the court.

<u>Plaintiff's August 21, 2020 Motions for Extension of Time (ECF Nos. 90, 91)</u>

On August 21, 2020, plaintiff filed a second request for a sixty-days extension of time to file an opposition to defendants' summary judgment motion filed June 24, 2020.  (ECF No. 90.)  On August 21, 2020, plaintiff also filed a motion to modify the scheduling order.  (ECF No. 91.)  In this motion, plaintiff also requests a sixty-days extension of time to file an opposition to defendants' summary judgment motion.  (ECF No. 91.)

Good cause appearing, plaintiff's motions requesting a sixty-days extension of time to file an opposition to defendants' summary judgment motion are granted.  No further requests for extension of time will be granted.

////

1  Plaintiff's Motion to Continue Discovery (ECF No. 88)

2  On August 20, 2020, plaintiff filed a motion to continue discovery pursuant to Federal
3  Rule of Civil Procedure 56(f).  (ECF No. 88.)  The undersigned construes plaintiff's motion as
4  having been brought pursuant to Federal Rule of Civil Procedure 56(d).

5  *Legal Standard*

6  Rule 56(d) is a device for litigants to avoid summary judgment when the non-movant
7  needs to discover affirmative evidence necessary to oppose the motion.  See Garrett v. San
8  Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).  To succeed on a Rule 56(d) motion, a party
9  opposing summary judgment must make clear "'what information is sought and how it would
10 preclude summary judgment.'"  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting
11 Garrett v. San Francisco, 818 F.2d at 1518)) (district court correctly denied motion for
12 continuance to engage in further discovery under former Rule 56(f) where plaintiff did not
13 provide any basis or factual support for his assertions that further discovery would lead to the
14 facts and testimony he described, and his assertions appeared based on nothing more than "wild
15 speculation").

16 Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the
17 specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the
18 sought-after facts are essential to oppose summary judgment.  See Family Home & Fin. Ctr. v.
19 Fed. Home Loan Mtg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  The party seeking relief must
20 explain why those facts would preclude summary judgment.  Tatum v. City & Cty. of S.F., 441
21 F.3d 1090, 1100 (9th Cir. 2006).  The party must also show that it "diligently pursued its previous
22 discovery opportunities, and ... demonstrate that allowing additional discovery would ... preclude[
23 ] summary judgment."  Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir.
24 1999).

25 "The failure to conduct discovery diligently is grounds for the denial of a [Rule 56(d)]
26 motion."  Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002).  As the United
27 States Court of Appeals for the Ninth Circuit has repeatedly held, even pro se prisoners must
28 pursue discovery in a diligent manner.  See McRae v. United States, 812 F. App'x 505 (9th Cir.

1  July 10, 2020) ("The district court did not abuse its discretion by denying [federal prisoner]
2  McRae's requests for additional discovery pursuant to Fed. R. Civ. P. 56(d) and to continue
3  summary judgment [in a case under the Federal Tort Claims Act] because McRae did not
4  diligently pursue discovery during the time allotted by the district court.").

*Discussion*

In the pending motion, plaintiff alleges that he does not have all the relevant information he requires to support his opposition to defendants' summary judgment motion. (ECF No. 88 at 2.) Plaintiff alleges that Officers Basile, Austin and Lee were interviewed during plaintiff's appeal process, but plaintiff has "yet to obtain such documentation or statements" from these officers. (Id.) Plaintiff also alleges that he has not obtained statements from defendants Bryant and Fernandez. (Id.) Plaintiff alleges that "such information may or may not be helpful to" his case. (Id.) Plaintiff's motion does not identify any other specific discovery he seeks to conduct.

On September 3, 2020, defendants filed an opposition to plaintiff's motion to continue discovery. (ECF No. 92.) Defendants argue that plaintiff has not demonstrated diligence in seeking the requested discovery or explained how the requested discovery would preclude summary judgment.

In the opposition, defendants observe that the court issued the Discovery and Scheduling Order on September 5, 2019, which set the deadline to complete discovery as December 27, 2019. (ECF No. 42.) On November 21, 2019, the undersigned granted defendants' motion to modify the scheduling order. (ECF No. 49.) The undersigned ordered that the parties could conduct discovery until January 10, 2020. (Id.)

On February 11, 2020, plaintiff filed a motion for an extension of time to complete discovery. (ECF No. 60.) In this motion, plaintiff sought a sixty-days extension of time to obtain statements from non-party witnesses Basile, Austin, Lee and Dr. Win. (Id.) On March 31, 2020, the undersigned denied plaintiff's motion for an extension of time to extend the discovery deadline in order to obtain discovery from these non-parties. (ECF No. 66.)

In the opposition to the pending motion, defendants state that on September 6, 2019, plaintiff served defendants by mail with his First Set of Interrogatories, Requests for Admissions

3

1 and Requests for Production of Documents.  (ECF No. 92-1 at 2.)  On October 2, 2019,
2 defendants served plaintiff with responses to these discovery requests.  (Id.)  On November 24,
3 2019, plaintiff served defendants by mail with his Second Set of Interrogatories, Requests for
4 Admissions and Requests for Production of Documents.  (Id.)  On January 10, 2020, defendants
5 served plaintiff with their responses to these discovery requests.  (Id.)

6     In the pending motion, plaintiff is again asking the court to modify the scheduling order so
7 that he may obtain statements from non-parties Basile, Austin and Lee.  Plaintiff has not
8 demonstrated how the statements he intends to obtain from these non-parties would preclude
9 summary judgment.  For this reason, plaintiff's motion to continue discovery in order to obtain
10 statements from these non-parties is denied.

11     Plaintiff also has failed to demonstrate that the statements he would like to obtain from
12 defendants Bryant and Fernandez would preclude summary judgment.  Plaintiff also does not
13 explain why he did not obtain statements from these defendants before the close of discovery.
14 For this reason, the undersigned finds that plaintiff was not diligent in pursuing these statements
15 from defendants Bryant and Fernandez before discovery closed.

16     For the reasons discussed above, plaintiff's motion to continue discovery is denied.

17     IT IS HEREBY ORDERED that:

18     1. Plaintiff's request for an extension of time (ECF No. 90) and motion to modify the
19 scheduling order (ECF No. 91) are granted;

20     2. Plaintiff is granted sixty days from the date of this order in which to file his response to
21 defendants' motion for summary judgment.  No further extensions of time will be granted;

22     3. Plaintiff's motion to continue discovery (ECF No. 88) is denied.

23 Dated:  September 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elle2744.36sec

4