UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VERNE ELLESBURY,<br><br>  Plaintiff,<br><br> v.<br><br>J. FERNANDEZ, et al.,<br><br>  Defendants. | No. 2: 18-cv-2744 KJM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a "temporary stay of time" to file objections to the December 2, 2020 findings and recommendations. (ECF No. 109.) The undersigned construes plaintiff's motion for a "temporary stay" as a motion for extension of time to file objections. For the reasons stated herein, plaintiff's motion is denied.

On December 2, 2020, the undersigned recommended that defendants' summary judgment motion be granted. (ECF No. 100.) On December 17, 2020, plaintiff filed his first motion for extension of time to file objections. (ECF No. 101.) The grounds of this motion were that plaintiff was separated from his inmate legal assistant, William Brown, due to COVID-19 restrictions. (Id.) On December 22, 2020, the undersigned granted plaintiff thirty days to file objections. (ECF No. 102.)

////

1

On January 27, 2020, plaintiff filed a second motion for extension of time to file objections. (ECF No. 103.) The grounds of this motion were that plaintiff continued to be separated from his inmate legal assistant, William Brown, due to COVID-19 restrictions. (Id.) On February 3, 2020, the undersigned granted plaintiff thirty days to file his objections. (ECF No. 105.)

On March 8, 2021, plaintiff filed his third motion for extension of time to file objections. (ECF No. 107.) In this motion, plaintiff requested a sixty days extension of time to file objections. (Id.) The grounds of this motion were that plaintiff continued to be separated from his inmate legal assistant, William Brown, due to COVID-19 restrictions. (Id.) Plaintiff also alleged that the law library at Deuel Vocational Institution ("DVI") had been closed since August 2020. (Id.) On March 12, 2021, the undersigned granted plaintiff sixty days to file objections. (ECF No. 108.) The undersigned also ordered that no further extensions of time would be granted but for substantial cause. (Id.)

In the pending motion, plaintiff alleges that his inmate legal assistant, William Brown, was granted early release and is no longer incarcerated, leaving plaintiff without legal assistance. (ECF No. 109 at 5.) Plaintiff also alleges that on April 16, 2021, he was recommended for transfer to the California Health Care Facility ("CHCF") due to the upcoming closure of DVI. (Id. at 4-5.) Plaintiff alleges that his transfer could take up to DVI's closure date of September 2021. (Id. at 5.) Plaintiff requests that the undersigned order his objections due after his pending transfer so that he may obtain inmate legal assistance following his transfer. (Id. at 3.)

Plaintiff has not shown good (or substantial) cause to indefinitely stay the resolution of this action pending his transfer from DVI. While plaintiff alleges that he requires legal assistance to prepare his objections, the pending motion does not allege that plaintiff is being denied law library access. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (the constitutional right of access to the courts requires prison authorities to help inmate prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") Accordingly, plaintiff's motion to stay this action, construed as a motion for extension of time, is denied. Plaintiff's objections are due within thirty days of the date of this order. No

further extensions of time will be granted unless plaintiff demonstrates that he has been transferred during that time and denied access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay this action (ECF No. 109), construed as a motion for an extension of time, is denied;
2. Plaintiff's objections are due within thirty days of the date of this order; no further extensions of will be granted unless plaintiff demonstrates that he has been transferred during that time and denied access to his legal property.

Dated: May 20, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ell2744.den